```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

GHH, INC., d/b/a/ Celestial      )
Lights, an Illinois Corporation  )
                                 )
        Plaintiff,               )
                                 )
                                 )
    v.                           ) No. 19 C 2804
                                 )
                                 )
APEX OPERATING INC., d/b/a/      )
BROOKSONE STORES, Inc., a        )
California Corporation, APEX     )
DIGITAL INC., a California       )
Corporation, and APEX            )
PURCHASING, LLC, a limited       )
liability company.               )
                                 )
        Defendants.              )

## Memorandum Opinion and Order

In this action, GHH, a supplier of "pre-lighted Christmas trees, wreaths, garlands, window candles and Christmas decorations," alleges that it sold and delivered to defendants a number of products for which defendants failed to pay the full amount due. Plaintiff asserts a claim for breach of contract, an alternative claim for quantum meruit, and a claim for account stated.[1] Defendants move to dismiss the complaint in its entirety

---

[1] Under California law, which the purchase orders underlying plaintiff's claims identify as the governing law, an "account stated" is "an agreement, based on prior transactions between the parties, that all items of the account are true and that the

without prejudice on venue grounds. In their view, the arbitration provision contained in the purchase orders compels plaintiff to arbitrate these claims, and, indeed, defendants Apex Digital, Inc. and Apex Purchasing, LLC, (together, "Apex") have initiated arbitration proceedings to resolve the parties' dispute in Los Angeles, California. Def.'s Mot., Exh. 3 (Demand for Arbitration). Additionally, defendants move to dismiss plaintiff's claims against Apex Operating, Inc., with prejudice on the ground that plaintiff's amended complaint fails to state a claim against that entity. For the reasons that follow, the motion is granted in part.

Paragraph 9.4 of the purchase orders at issue, which name plaintiff and Apex Licensing as parties, states:

> 9.4 Any controversies or disputes arising out of, ore [sic] relating to the Purchase Order will, in Apex's sole discretion, be settled exclusively through final and binding arbitration by an arbitration service of Apex's choice. Each party will bear its own cost, fees and expenses associated with any arbitration, except that the parties agree to split equally the costs and expenses of the arbitrator. The Purchase Order shall be governed by and interpreted in accordance with the laws of the State of California without regard for any choice or conflict of law, rule or principle that would result in the application of the law of any other jurisdiction. The provisions of the United Nations Convention on Contracts for the International Sale of Goods shall not apply to this Purchase Order.

---

balance struck is due and owing from one party to the other." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1091 (9th Cir. 1989).

2

Def.'s Mot., Exh. 3 at 9.4. Although plaintiff purports to "dispute[] the validity of this arbitration provision" as "unilaterally inserted" by defendants, it offers neither argument nor authority for invalidating the provision on that basis. At all events, plaintiff agrees to arbitrate its claims against Apex in *some* (unspecified) JAMS forum. In fact, it is not even clear that plaintiff objects to resolving its dispute with Apex in the California JAMS forum Apex has chosen.[2] In the end, the parties' arbitration dispute boils down to whether I should dismiss plaintiff's claims without prejudice for improper venue under Rule 12(b)(3), or instead stay the claims pending arbitration.

In defendants' view, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7the Cir. 2011), supports dismissal under Rule 12(b)(3). There, the Seventh Circuit upheld the dismissal of a lawsuit filed in the Southern District of Illinois on the ground that the plaintiff's claims were subject to an agreement requiring arbitration in Texas. The court concluded that because the parties "agreed to arbitrate all disputes in Texas...the case was correctly dismissed for improper venue based on the arbitration provision."

---

[2] Plaintiff insists that the arbitration provision does not *require* a California forum, but it does not clearly oppose proceeding in that forum. Whatever plaintiff's view on the matter, if the arbitration provision in the purchase orders is enforceable—a proposition that plaintiff does not meaningfully dispute—then, by its express terms, Apex Licensing has the exclusive right to elect the arbitration forum of its choosing.

3

*Id*. Plaintiff contends, however, that *Faulkenberg* does not apply to arbitration agreements such as the one here, which does not require arbitration in a forum outside this judicial district. In these circumstances, plaintiff insists, dismissal for improper venue is inappropriate, and the better course is to stay the case pending arbitration proceedings.

Plaintiff's position is both unclear and, at best, suboptimal. Plaintiff does not seem to ask me to compel arbitration proceedings in *this* judicial district—the only forum in which I have the authority do so. *See Faulkenberg*, 637 F.3d. at 808 ("under § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district."). Nor has plaintiff indicated that it has initiated, or intends to initiate, arbitration proceedings in this (or any other) district, even assuming that it is entitled to do so under the terms of the arbitration agreement. If what plaintiff seeks is a stay pending conclusion of the arbitration proceedings Apex has already initiated in Los Angeles, that option—while perhaps available—is not preferred. *See Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2017 WL 514191, at *3 (N.D. Ill. Feb. 8, 2017) (Kennelly, J.) ("Though courts have the authority to order a stay even when arbitration must occur outside the district...the Seventh Circuit has indicated a preference for dismissal in this type of situation.")(citing *Faulkenberg*, 637 F.3d at 808). In short, plaintiff offers no compelling reason for

staying its claims rather than dismissing them without prejudice in favor of the pending arbitration.

I am not persuaded, however, that plaintiff's claims against Apex Operating, Inc., are subject to dismissal with prejudice. The basis on which defendants seek that relief—that Apex Operating, Inc., was not involved in the negotiation of the purchase orders and has no liability under them—is not apparent from the face of the complaint and cannot be decided at the pleadings stage.

For the foregoing reasons, the complaint is dismissed without prejudice.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 21, 2020